Case 4:22-cv-02176   Document 1-6   Filed on 07/01/22 in TXSD   Page 1 of 7

6/3/2022 9:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65095326
By: Carolina Salgado
Filed: 6/3/2022 9:30 AM

NO. _____

| | | |
|---|---|---|
| **SANDRA MEONO** <br> *Plaintiff,* <br><br> V. <br><br> **JOSHUA JAMES GRETHER and UNITED STATES ARMY** <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT** <br><br><br><br> **\_\_\_\_ JUDICIAL DISTRICT** <br><br><br><br> **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SANDRA MEONO, hereinafter called Plaintiff, complaining of and about JOSHUA JAMES GRETHER and UNITED STATES ARMY, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2. Plaintiff, SANDRA MEONO, is an individual who resides in Texas. The last three digits of her driver's license number are 346.

3. Defendant, JOSHUA JAMES GRETHER, is an individual who resides in Texas 77098, may be served with process at their home at the following address: 9531 State Highway, San Antonio, Texas 78251. Service of said Defendant as described above can be affected by personal delivery.

4. Defendant UNITED STATES ARMY, is organized under the laws of the State of

1

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 1 of 6

DEFENDANT'S EXHIBIT 2

Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving its registered agent, Christine E. Wormuth, at 101 Army Pentagon, Washington, DC 20310. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over the parties because Defendant JOSHUA JAMES GRETHER is a resident of the State of Texas.

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. On June 3, 2020, Plaintiff was travelling eastbound on Clay Road, when the Defendant, JOSHUA JAMES GRETHER while operating a vehicle owned by his employer, UNITED STATES ARMY, failed to failed to control his speed and rear-ended Plaintiff's vehicle. As a result of this accident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

### PLAINTIFF'S CLAIM OFNEGLIGENCE AGAINST DEFENDANT JOSHUA JAMES GRETHER

9. Defendant JOSHUA JAMES GRETHER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 2 of 6

10. Plaintiff's injuries were proximately caused by Defendant JOSHUA JAMES GRETHER's negligent, careless, and reckless disregard of said duty.

11. The negligent, careless, and reckless disregard of duty of Defendant JOSHUA JAMES GRETHER consisted of, but is not limited to, the following acts and omissions:

    A. Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    B. Failure to maintain a reasonable, safe, and prudent rate of speed;

    C. Failure to maintain a reasonable, safe, and prudent distance between vehicles;

    D. Driver inattention; and

    E. Failure to timely apply brakes.

### RESPONDEAT SUPERIOR AGAINST UNITED STATES ARMY

12. Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

13. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JOSHUA JAMES GRETHER was within the course and scope of employment for Defendant, UNITED STATES ARMY.

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JOSHUA JAMES GRETHER was engaged in the furtherance of Defendant UNITED STATES ARMY , business.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant JOSHUA JAMES GRETHER was engaged in the accomplishing a task for which Defendant DARRELL JOSHUA JAMES GRETHER was employed.

3

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 3 of 6

16. Plaintiff hereby invokes the doctrine of *Respondeat Superior* as against Defendant UNITED STATES ARMY.

## DAMAGES FOR PLAINTIFF SANDRA MEONO

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SANDRA MEONO, was caused to suffer personal injuries, and to incur the following damages:

    A. The physical pain and mental anguish in the past and future;

    B. The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

    C. Physical impairment in the past and future;

    D. Physical disfigurement in the past and future; and

    E. Physical pain and suffering in the past and future.

## REQUEST FOR DEPOSITION DATES

18. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendants are available for Plaintiff to take Defendants' deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## REQUEST FOR DISCLOSURES

19. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, the information and material described in Rule 194.2 within thirty (30) days of after the filing of the first answer or general appearance, the information and

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 4 of 6

material described in Rule 194.2.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

20.     Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seeks monetary relief over $250,000.00 but less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## NOTICE OF USE

21.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiff intends to use all documents produced by Defendants in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

22.     The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SANDRA MEONO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 5 of 6

other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Sedrick Stagg
Texas Bar No. 24102815
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour
Texas Bar No. 24123765
Anita Mehdipour
Texas Bar No. 24126491
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**
**DATE FILED: June 3, 2022**

For Official Governmental Use Only - Do Not Disseminate to the Public: 102280774 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 29, 2022

Certified Document Number:        102280774 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**